COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-353-CR

 

 

ROBERT NOLAN RENNIE                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

 








Appellant Robert Nolan Rennie entered an open
plea of guilty to aggravated sexual assault of a child with a deadly
weapon.  Rennie also pleaded true to the
allegation in the indictment that he committed the felony of aggravated assault
in Waxahachie in May 1998.  The trial
court sentenced Rennie to life in prison. 
We will affirm.

II.  Procedural Background and Independent Review
of the Record

Rennie=s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In
the brief, counsel avers that, in his professional opinion, this appeal is
frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California, 386 U.S. 738,
87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.

In our duties as a reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d 920, 923 (Tex.
App.CFort
Worth 1995, no pet.).  We have conducted
an independent review of the record and have determined just that.








Rennie entered an open plea of guilty, so he
waived the right to appeal any non-jurisdictional defects, other than the
voluntariness of his plea, that occurred before entry of the plea so long as
the judgment of guilt was rendered independent of, and is not supported by, the
alleged error.  See Young v. State,
8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 911 S.W.2d
1, 4-5 (Tex. Crim. App. 1995). 
Therefore, our independent review of the record is limited to potential
jurisdictional defects, the voluntariness of Rennie=s plea,
potential error occurring before Rennie=s plea
that resulted in or supports the judgment of guilt, and potential error
occurring after the guilty plea.  See
Young, 8 S.W.3d at 666-67.

Our review of the record reveals no
jurisdictional defects.  The trial court
has jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005) (stating that district courts shall have original jurisdiction in
felony criminal cases).  The indictment
conferred jurisdiction on the trial court and provided Rennie with sufficient
notice.  See Tex. Const. art. V, ' 12; Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

The trial court held a pretrial hearing to rule
on the motions filed prior to Rennie=s
entering his open plea of guilty.  The
trial court granted the bulk of Rennie=s
motions and the remainder were moot because the State had  complied with the requests.  The record does not reveal any error
occurring before Rennie=s plea that resulted in or
supports the judgment of guilt.








The written plea admonishments indicate that
Rennie=s plea
was made freely and voluntarily and included a signed judicial confession.  During the plea hearing, the trial court
confirmed that Rennie had gone over the written plea admonishments with his
attorneys, that Rennie had no questions, and that Rennie=s
attorneys believed that Rennie was competent. 

The trial court accepted the plea and set a date
for the punishment hearing.  At the
punishment hearing, the trial court heard testimony from both sides and
sentenced Rennie to life in prison.  The
sentence assessed by the trial court is within the punishment range provided
for by law.  See Tex. Penal Code Ann. ''
12.42(c)(1), 22.021 (Vernon Supp. 2005). 
Moreover, the judgment does not contain any improper assessment of
fees.  See Bray v. State, Nos.
2-04-148-CR, 2-04-149-CR, 2-04-150-CR, 2005 WL 3008418, at *4 (Tex. App.CFort
Worth Nov. 10, 2005, no pet.) (reforming judgment in Anders case in
which judgment incorrectly included payment of attorney=s fees
as condition of parole).  We discern no
reversible error during the punishment phase.

Counsel is strongly presumed to have rendered
adequate assistance and made all significant decisions in the exercise of
reasonable professional judgment.  Strickland v. Washington, 466 U.S. 668,
690, 104 S. Ct. 2052, 2066 (1984).  Considering the
totality of the representation of Rennie=s trial counsel,
the record contains nothing that would indicate that counsel=s performance was
deficient.  See id. at 687,
104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999). 

 








III.  Motion to Withdraw

Because our independent review of the record
reveals no reversible error, we agree with counsel=s
professional determination that an appeal of this case is frivolous.  Accordingly, we grant counsel=s motion
to withdraw.

IV.  No Brief From Rennie

We sent Rennie a letter asking him to inform this
court if he desired to examine the record and file a pro se brief.  He informed this court by letter that he
wanted to file a pro se brief and asked for several extensions.  However, Rennie failed to file a brief. 

V.  Conclusion

Based on our independent review of this record,
we have determined that there is no error on which an appeal could be based or
which would require reversal of this case. 
Therefore, we grant counsel=s motion
to withdraw on appeal and affirm the trial court=s judgment.

 

PER
CURIAM

 

PANEL F:    WALKER, HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 19,
2006

 











[1]See Tex. R. App. P. 47.4.