COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-125-CR

 

 

ZACHARY BERNARD SMITH                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








The trial court convicted
Appellant Zachary Bernard Smith of felony driving while intoxicated (DWI),
finding the two jurisdictional prior DWI convictions alleged in the indictment
true.  The trial court also granted Appellant=s motion to quash the repeat offender notice alleging a prior
aggravated robbery conviction out of Nueces County.  The trial court, therefore, did not find the
enhancement allegation true.  The trial
court sentenced Appellant to five years= confinement in the Institutional Division of the Texas Department of
Criminal Justice. 

In his sole point, Appellant
challenges the factual sufficiency of the evidence to support the guilty
verdict.  The State brings a crosspoint
challenging the trial court=s order to seal Appellant=s medical records.  Because we
hold that the evidence is factually sufficient to support the judgment and that
the trial court had the authority to seal Appellant=s medical records, we overrule Appellant=s sole point and the State=s crosspoint and affirm the trial court=s judgment as modified.

Clerical
Error in Judgment








Initially, upon our review of
the record, we discovered that the trial court granted Appellant=s motion to quash the sole Arepeat offender notice@ regarding Appellant=s prior conviction for aggravated robbery.  Because the enhancement count was quashed, we
modify the trial court=s judgment
to delete the finding of AONE PRIOR
FELONY CONVICTION@ on the line
for AFindings on Enhancement/Habitual Paragraphs(s),@ and we insert the word ANONE@ in place of
the deleted language.[2]  The jurisdictional allegations, however, were
proved, and the trial court=s judgment correctly reflects the finding that the State proved beyond
a reasonable doubt the jurisdictional prior DWI convictions.  

Factual
Sufficiency

The indictment provided in
relevant part that Appellant Awas intoxicated by not having the normal use of his mental or physical
faculties by reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, or a combination of two or more of these substances
into his body.@  In his sole point, Appellant contends that
the evidence is factually insufficient to support his conviction because there
was no evidence that he had any drugs in his body when he was stopped, or,
alternatively, no evidence of the quantity of drugs in his body at the time of
the stop; no evidence that the amount in his body would have resulted in
intoxication; and no evidence of the effect such drugs would have had on the
human body or on Appellant=s in particular.  The following
evidence was admitted at trial.








Around 3 a.m. on August 28,
2005, Arlington, Texas resident LaDonna Zepeda saw a compact, beige-colored
vehicle hit a telephone pole at the side of her house.  She then called 911.  As she was on the telephone with the 911
operator, she saw the car back up, drive across her lawn, strike her car, and
drive away.  

A short time later, Arlington
police officer Kevin Brown stopped Appellant=s car about three miles away from Zepeda=s house after observing him twice swerve into the oncoming traffic
lane.  Appellant=s vehicle had moderate damage to the front left and appeared to have a
flat tire.

Officer Brown noted that
Appellant=s eyes were Aextremely glassy@ and that
his movements were Aslow and
lethargic.@  Appellant told Officer Brown that he was on Apain pills@ or,
variously, Apainkillers.@  Officer Brown did not smell
alcohol on Appellant.  Officer Brown
conducted a field sobriety test, on which Appellant performed poorly.  Appellant was then arrested.  Appellant had offered to take a breath test
and to give a urine sample, but he ultimately refused to give a blood
sample.  At trial, the State introduced
the in-car video of the stop as well as the in-station video.  Appellant introduced medical records showing
that he had been prescribed hydrocodone for an infected insect bite.  








Appellant stated on the
in-station video that he Awas on@ Vicodin and Lortab and perhaps should not have been driving and told
the officers that he could get the prescriptions and show them what Athese things@ do to
him.  He denied that he had been drinking
and blamed his driving on the drugs and his tiredness.  He seemed to be under the impression that he
had not committed an offense because he had prescriptions for the drugs.  The trial court recognized the Controlled
Substances Act, which lists hydrocodone as a Schedule II drug,[3]
and took judicial notice of the fact that Vicodin and Lortab both contain
hydrocodone.[4]


Applying the appropriate
standard of review,[5]
we hold the evidence factually sufficient to support Appellant=s conviction and overrule Appellant=s sole point.  

                          Sealing
of the Medical Records








In its crosspoint, the State
complains that the trial court had no authority after the trial ended to seal
Appellant=s medical
records, introduced into evidence by Appellant on the subject of his
guilt.  The State did not seek access to
the medical records for purposes of appeal or request that they be included in
the record on appeal.  After this case
was submitted, this court on its own motion ordered the medical records as well
as State=s Exhibits Number 4, 5, and 5A (the video of the stop, its case, and
the in-station video) to be delivered to this court.  They were filed on June 3, 2008, and are now
part of the appellate record.  We
reviewed them in addressing factual sufficiency of the evidence. 

Should a party likewise need
to review the sealed medical records in preparing or responding to a motion for
rehearing or a petition for discretionary review, we hold, as is our customary
policy, that counsel for the State or Appellant shall be allowed to review the
sealed records at the office of the clerk of this court.  We are not, however, prepared to hold that
the trial court acted outside its authority by shielding the medical records
from the public eye, nor are we prepared to reverse the trial court=s decision.  We overrule the
State=s crosspoint.  

Having overruled Appellant=s point and the State=s crosspoint, we affirm the trial court=s judgment as modified.  

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL
B:  LIVINGSTON, DAUPHINOT, and HOLMAN,
JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 26, 2008  
                       











[1]See Tex. R. App. P. 47.4.





[2]See
French v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)
(holding that appellate court has authority to make the record speak the
truth); Bray v. State, 179 S.W.3d 725, 729 (Tex. App.CFort
Worth 2005, no pet.) (modifying judgment to delete parole condition on court=s own
motion).





[3]See Tex. Health & Safety Code Ann. '
481.032 (Vernon Supp. 2007). 





[4]See Tex. R. Evid. 201(b); see also http://www.pdr.net
(search terms lortab and vicodin) (last visited June 25, 2008).





[5]See
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000) (all providing factual sufficiency standard
of review).