# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH


### NO. 2-07-125-CR

ZACHARY BERNARD SMITH                                        APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

The trial court convicted Appellant Zachary Bernard Smith of felony driving while intoxicated (DWI), finding the two jurisdictional prior DWI convictions alleged in the indictment true. The trial court also granted Appellant's motion to quash the repeat offender notice alleging a prior aggravated robbery conviction out of Nueces County. The trial court, therefore,

---

[1] *See* TEX. R. APP. P. 47.4.

did not find the enhancement allegation true. The trial court sentenced Appellant to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

In his sole point, Appellant challenges the factual sufficiency of the evidence to support the guilty verdict. The State brings a crosspoint challenging the trial court's order to seal Appellant's medical records. Because we hold that the evidence is factually sufficient to support the judgment and that the trial court had the authority to seal Appellant's medical records, we overrule Appellant's sole point and the State's crosspoint and affirm the trial court's judgment as modified.

### CLERICAL ERROR IN JUDGMENT

Initially, upon our review of the record, we discovered that the trial court granted Appellant's motion to quash the sole "repeat offender notice" regarding Appellant's prior conviction for aggravated robbery. Because the enhancement count was quashed, we modify the trial court's judgment to delete the finding of "ONE PRIOR FELONY CONVICTION" on the line for "Findings on Enhancement/Habitual Paragraphs(s)," and we insert the word "NONE" in place of the deleted language.[2] The jurisdictional allegations, however, were proved,

---

[2] *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that appellate court has authority to make the record speak the truth);

2

and the trial court's judgment correctly reflects the finding that the State proved beyond a reasonable doubt the jurisdictional prior DWI convictions.

## FACTUAL SUFFICIENCY

The indictment provided in relevant part that Appellant "was intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or a combination of two or more of these substances into his body." In his sole point, Appellant contends that the evidence is factually insufficient to support his conviction because there was no evidence that he had any drugs in his body when he was stopped, or, alternatively, no evidence of the quantity of drugs in his body at the time of the stop; no evidence that the amount in his body would have resulted in intoxication; and no evidence of the effect such drugs would have had on the human body or on Appellant's in particular. The following evidence was admitted at trial.

Around 3 a.m. on August 28, 2005, Arlington, Texas resident LaDonna Zepeda saw a compact, beige-colored vehicle hit a telephone pole at the side of her house. She then called 911. As she was on the telephone with the 911

---

*Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.) (modifying judgment to delete parole condition on court's own motion).

3

operator, she saw the car back up, drive across her lawn, strike her car, and drive away.

A short time later, Arlington police officer Kevin Brown stopped Appellant's car about three miles away from Zepeda's house after observing him twice swerve into the oncoming traffic lane. Appellant's vehicle had moderate damage to the front left and appeared to have a flat tire.

Officer Brown noted that Appellant's eyes were "extremely glassy" and that his movements were "slow and lethargic." Appellant told Officer Brown that he was on "pain pills" or, variously, "painkillers." Officer Brown did not smell alcohol on Appellant. Officer Brown conducted a field sobriety test, on which Appellant performed poorly. Appellant was then arrested. Appellant had offered to take a breath test and to give a urine sample, but he ultimately refused to give a blood sample. At trial, the State introduced the in-car video of the stop as well as the in-station video. Appellant introduced medical records showing that he had been prescribed hydrocodone for an infected insect bite.

Appellant stated on the in-station video that he "was on" Vicodin and Lortab and perhaps should not have been driving and told the officers that he could get the prescriptions and show them what "these things" do to him. He denied that he had been drinking and blamed his driving on the drugs and his

4

tiredness. He seemed to be under the impression that he had not committed an offense because he had prescriptions for the drugs. The trial court recognized the Controlled Substances Act, which lists hydrocodone as a Schedule II drug,[3] and took judicial notice of the fact that Vicodin and Lortab both contain hydrocodone.[4]

Applying the appropriate standard of review,[5] we hold the evidence factually sufficient to support Appellant's conviction and overrule Appellant's sole point.

### SEALING OF THE MEDICAL RECORDS

In its crosspoint, the State complains that the trial court had no authority after the trial ended to seal Appellant's medical records, introduced into evidence by Appellant on the subject of his guilt. The State did not seek access to the medical records for purposes of appeal or request that they be included in the record on appeal. After this case was submitted, this court on its own motion ordered the medical records as well as State's Exhibits Number

---

[3] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.032 (Vernon Supp. 2007).

[4] *See* TEX. R. EVID. 201(b); *see also* http://www.pdr.net (search terms lortab and vicodin) (last visited June 25, 2008).

[5] *See Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (all providing factual sufficiency standard of review).

5

4, 5, and 5A (the video of the stop, its case, and the in-station video) to be delivered to this court. They were filed on June 3, 2008, and are now part of the appellate record. We reviewed them in addressing factual sufficiency of the evidence.

Should a party likewise need to review the sealed medical records in preparing or responding to a motion for rehearing or a petition for discretionary review, we hold, as is our customary policy, that counsel for the State or Appellant shall be allowed to review the sealed records at the office of the clerk of this court. We are not, however, prepared to hold that the trial court acted outside its authority by shielding the medical records from the public eye, nor are we prepared to reverse the trial court's decision. We overrule the State's crosspoint.

Having overruled Appellant's point and the State's crosspoint, we affirm the trial court's judgment as modified.

LEE ANN DAUPHINOT
JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 26, 2008

6