COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NOS.
2-09-321-CR

                                                       2-09-322-CR

 

CHAD POWELL                                                                                 APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Appellant
Chad Powell was charged by indictment with one count of forgery and by separate
indictment with two counts of forgery. 
Each indictment included enhancement paragraphs, and the State later
gave notice of its intent to use two prior felony convictions to enhance
punishment in each case.  Powell entered
open guilty pleas in each case and pleaded true to the enhancement
allegations.  The trial court accepted
Powell=s pleas
and sentenced him to fifteen years=
confinement in each case, ordering the sentences to run concurrently.  Powell appeals.  We will modify the judgments to remove
reference to the terms of a plea bargain and affirm the judgments as modified.

Powell=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel averred that, in his professional opinion, this appeal is frivolous.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might arguably
support the appeal.  See Mays v. State,
904 S.W.2d 920, 922B23 (Tex. App.CFort
Worth 1995, no pet.).  This court
afforded Powell the opportunity to file a brief on his own behalf, and he has
not done so.  The State has not filed a
brief.

 Once an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at 922B23.  Only then may we grant counsel=s motion
to withdraw.  See Penson v. Ohio,
488 U.S. 75, 82B83, 109 S. Ct. 346, 351 (1988).








We have
carefully reviewed counsel=s brief
and the record.  We do find one clerical
error in the judgments in both cases. 
Neither case was a plea-bargained case.[3]  Nevertheless, the trial court=s written
judgment in each case includes the following language in the space provided for
ATerms of
Plea Bargain@: APLEAD
GUILTY RECEIVE 15 YRS. TDCJ/NO FINE.@      

Because
the record demonstrates that Powell entered open pleas in both cases without a
plea bargain, the judgments should not have included the above-quoted
language.  Thus, we reform the trial
court=s judgments
to delete the language APLEAD GUILTY RECEIVE 15 YRS.  TDCJ/NO FINE@ that
appears on the judgments in the blank labeled ATerms of
Plea Bargain ....@ 
See Bray v. State, 179 S.W.3d 725, 726 (Tex. App.CFort
Worth 2005, no pet.) (en banc) (holding that appellate courts have authority to
reform judgments in Anders appeals and to affirm judgments as reformed);
Asberry v. State, 813 S.W.2d 526, 529B31 (Tex.
App.CDallas
1991, pet. ref=d) (noting that appellate courts
have power to correct and reform judgments Ato make
the record speak the truth@).








Except
for this necessary modification to the judgments, we agree with counsel that
this appeal is wholly frivolous and without merit; we find nothing else in the
record that arguably might support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 827B28 (Tex.
Crim. App. 2005).  Accordingly, we grant
counsel=s motion
to withdraw and affirm the trial court=s
judgments as modified.

 

PER CURIAM

 

PANEL: WALKER, GARDNER, and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: June 17, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct.
1396 (1967).





[3]The reporter=s record shows that the
State and Powell=s attorney informed the
trial court on the record that there was no plea bargain.  The court asked Powell if he understood that
he was making Awhat we commonly call an
open plea,@ and Powell responded that
he did.  The clerk=s record in each case
contains a blank plea bargain agreement that has been crossed through with the
words AOpen Plea@ handwritten on the
document and the signatures of Powell, his attorney, the State=s attorney, and the trial
court judge.  The trial court=s written certification of
Powell=s right to appeal in each
case also shows that the case was not a plea-bargained case.