

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NOS. 2-09-321-CR
2-09-322-CR**

CHAD POWELL                                                           APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Chad Powell was charged by indictment with one count of forgery and by separate indictment with two counts of forgery. Each indictment included enhancement paragraphs, and the State later gave notice of its intent to use two prior felony convictions to enhance punishment in each case. Powell entered open guilty pleas in each case and pleaded true to the enhancement allegations. The trial court accepted Powell's pleas and sentenced him to fifteen years' confinement in each case, ordering the sentences to run concurrently. Powell appeals. We will

---

[1] *See* Tex. R. App. P. 47.4.

modify the judgments to remove reference to the terms of a plea bargain and affirm the judgments as modified.

Powell's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel averred that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that might arguably support the appeal. *See Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). This court afforded Powell the opportunity to file a brief on his own behalf, and he has not done so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays*, 904 S.W.2d at 922–23. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We do find one clerical error in the judgments in both cases. Neither case was a plea-bargained

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

case.[3] Nevertheless, the trial court's written judgment in each case includes the following language in the space provided for "Terms of Plea Bargain": "PLEAD GUILTY RECEIVE 15 YRS. TDCJ/NO FINE."

Because the record demonstrates that Powell entered open pleas in both cases without a plea bargain, the judgments should not have included the above-quoted language. Thus, we reform the trial court's judgments to delete the language "PLEAD GUILTY RECEIVE 15 YRS. TDCJ/NO FINE" that appears on the judgments in the blank labeled "Terms of Plea Bargain ...." *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that appellate courts have authority to reform judgments in *Anders* appeals and to affirm judgments as reformed); *Asberry v. State*, 813 S.W.2d 526, 529–31 (Tex. App.—Dallas 1991, pet. ref'd) (noting that appellate courts have power to correct and reform judgments "to make the record speak the truth").

Except for this necessary modification to the judgments, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d

---

[3] The reporter's record shows that the State and Powell's attorney informed the trial court on the record that there was no plea bargain. The court asked Powell if he understood that he was making "what we commonly call an open plea," and Powell responded that he did. The clerk's record in each case contains a blank plea bargain agreement that has been crossed through with the words "Open Plea" handwritten on the document and the signatures of Powell, his attorney, the State's attorney, and the trial court judge. The trial court's written certification of Powell's right to appeal in each case also shows that the case was not a plea-bargained case.

824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments as modified.

PER CURIAM

PANEL: WALKER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 17, 2010

4