Anteaus J. Bray v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-148-CR

2-04-149-CR

2-04-150-CR

ANTEAUS J. BRAY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

OPINION

------------

I.  Introduction

On the court’s own motion, we submitted this case en banc.  The primary issue that we address in this appeal is whether, in an 
Anders
(footnote: 1) appeal, we have the authority to reform the judgment to delete appointed counsel fees that were set by the trial court as a condition of parole when appointed counsel did not raise this issue as a point of arguable error.  Because we hold that we do have that authority, we reform the trial court’s judgment in cause number 2-04-148-CR to delete the appointed counsel fees imposed as a condition of parole, affirm that judgment as reformed, and also affirm the trial court’s judgments in cause numbers 2-04-149-CR and 2-04-150-CR.

II.  Procedural Background

Pursuant to a plea bargain, Appellant Anteaus J. Bray pleaded guilty to three cases of aggravated assault with a deadly weapon, and the trial court placed him on five years’ deferred adjudication community supervision 
in each case and assessed a $250.00 fine in one of the cases.  Later, the State filed a petition to proceed to adjudication in each case, alleging that Bray used marijuana; failed to make monthly payments on his fine, court costs, and supervision fee; failed to complete his community service restitution; failed to submit a urine sample; and failed to attend a budgeting class.  At the contested revocation hearing, Bray presented his pro se Motion of Declaration of Conflict Between Attorney and Client.  That motion argued that his court-appointed attorney “always came at [him] with what the State was offering” and indicated that he wanted his court-appointed attorney to work for him to get him rehabilitation.  The trial court explained to Bray that his appointed counsel had a legal obligation to convey the State’s plea bargain offers and to consult with the court’s officer.  The trial court called a recess to enable Bray to further consult with his court-appointed attorney.  Subsequently, Bray entered a plea of true to the allegations in the State’s petition but offered mitigating explanations for his actions.  The trial court adjudicated Bray guilty of aggravated assault with a deadly weapon and sentenced him to five years’ confinement in each case, to run concurrently, assessed reparation of $2,239.00, and—in appellate cause number 2-04-148-CR—assessed appointed counsel fees of $1,150.00 to be paid as a condition of parole.  

Bray’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, these appeals are frivolous.  Bray did not file a pro se brief.

III.  Duties of Appellate Court in 
Anders
 Appeals

Once an appellant’s court-appointed counsel files a motion to withdraw and an 
Anders
 brief alleging that the appeal is frivolous, two distinct duties are imposed on the appellate court
.  
See Nichols v. State
, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.).  First, we must examine appointed counsel’s brief to determine whether counsel has complied with the requisite procedural requirements.  
Id.
  If the brief does not contain references to the record, citations to authority, and legal analysis, we will order counsel to rebrief.  
Id.
  We also examine counsel’s motion to withdraw for compliance with the procedural requirements of 
Anders
.  If the motion to withdraw is not accompanied by an exhibit or certification showing that counsel has provided the appellant with a copy of the 
Anders
 brief and has informed the appellant of the right to review the record and to file a pro se brief, we will order counsel to take such actions and to supply such an exhibit or certification.  
Id.

Second, after determining that 
Anders
’s procedural requirements have been satisfied, we must undertake an independent examination of the record and essentially rebrief the case for the appellant to determine whether we agree with counsel’s conclusion that the appeal is frivolous.
  See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
 Our independent review for potential error in a case involving an appeal from an adjudication of guilt is limited to potential jurisdictional defects, potential errors not involving the decision to adjudicate, and potential errors occurring after adjudication.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05); 
Nix v. State
, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001);
 Vidaurri v. State
, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

A. Compliance with Procedural Requirements for Brief

A review of appointed appellate counsel’s brief demonstrates that it contains adequate references to the record, citations to authority, and legal analysis.  The motion to withdraw is accompanied by an exhibit showing that counsel provided Bray with a copy of the 
Anders
 brief and informed Bray of his right to review the record and to file a pro se brief.  Therefore, the brief and motion comply with the procedural requirements for an 
Anders
 appeal.

B. Independent Examination of the Record

1. Potential Jurisdictional Defects

We have reviewed the record, and there are no jurisdictional errors; the trial court had subject matter jurisdiction over these causes.  
See
 Tex. Code Crim. Proc. Ann.
 arts. 4.05 (Vernon 2005), 42.12, § 5(b) (Vernon Supp. 2004-05).
  Further, the indictments were not defective; they sufficiently conferred jurisdiction on the trial court and gave Bray sufficient notice.  
See
 
Tex. Const.
 art. V, § 12(b)
; 
Tex. Penal Code Ann.
 §§ 22.01(a)(2), 22.02(a)(2) (Vernon Supp. 2004-05); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

2. Potential Errors Not Involving the Decision to Adjudicate

The trial court did not err by not granting Bray’s motion concerning a conflict with counsel or by not appointing another attorney for trial.  Bray did not obtain a ruling on the motion to preserve any error, the trial court called a recess so that Bray could fully discuss matters with his counsel, and Bray subsequently signed written plea admonishments stating that he was satisfied with his representation by appointed counsel.  
See Hull v. State
, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002) (stating that Texas Rule of Appellate Procedure 33.1 requires, as a prerequisite to presenting a complaint for appellate review, that a timely, request, objection, or motion be made and ruled upon by trial court).

3. Potential Errors Occurring After Adjudication

Additionally, the trial court gave Bray the opportunity to offer mitigating evidence, and he did so during the punishment phase of the hearing.  
See Hardeman v. State
, 1 S.W.3d 689, 690-91 (Tex. Crim. App. 1999).  It is clear from the reporter’s record that the trial court considered the mitigating evidence before imposing the five-year sentences.  The sentences assessed by the trial court following the punishment hearing are within the statutorily permissible range.  
See
 
Tex. Penal Code Ann.
 § 12.34(a) (Vernon 2003).  Thus, 
counsel has correctly determined that the appeals in cause numbers 2-04-149-CR and 2-04-150-CR are wholly frivolous
.

In cause number 2-04-148-CR, however, the trial court assessed reparation of $2,239.00 and included the following language in the judgment: 

APPOINTED COUNSEL FEES IN THE AMOUNT OF $1,150.00 TO BE PAID AS A CONDITION OF PAROLE

IT IS FURTHER ORDERED THAT APPOINTED COUNSEL FEES FOR PURPOSES OF TEX. CODE CRIM. PROC., ANN., ARTICLE. 26.05 BE SET AT $1,150.00 AND MADE PAYABLE TO AND THROUGH THE CRIMINAL DISTRICT CLERK’S OFFICE OF TARRANT COUNTY, TEXAS

A Texas trial court is without authority to place any condition on a convicted defendant’s parole, including a condition that the defendant pay appointed counsel fees.  
Belt v. State
, 127 S.W.3d 277, 280 (Tex. App.—Fort Worth 2004, no pet.); 
McNeill v. State
, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d, untimely filed) 
(trial court may only make recommendation of condition of parole); 
see also Campbell v. State
, 5 S.W.3d 693, 696-97 (Tex. Crim. App. 1999) (stating that trial court may fix amount of restitution that is just, and parole panel may use this amount in ordering restitution as a condition of parole); 
Slaughter v. State
, Nos. 2-04-050-CR, 2-04-051-CR, 2005 WL 183142, at *2-3 (Tex. App.—Fort Worth Jan. 27, 2005, no pet.) (not designated for publication)
.  Therefore, the trial court erred by including this condition of parole in the judgment in cause number 2-04-148-CR.

When a trial court errs by purporting to impose a condition of parole in its judgment, the proper remedy is to reform the judgment to delete the invalid condition.  
See Belt
, 127 S.W.3d at 280.  But, reformation of the judgment constitutes the granting of some relief to the defendant.  
Evans v. State
, 933 S.W.2d 334, 335 (Tex. App.—Waco 1996, no pet.).  When a defendant is eligible for some relief, an appeal typically cannot be considered “frivolous.”  
Id.
 (relying on 
McCoy v. Court of Appeals of Wis., Dist. 1
, 486 U.S. 429, 444, 108 S. Ct. 1895, 1905 (1988)).

In an 
Anders
 appeal, when our examination of the record reveals that nonfrivolous grounds for appeal exist, we must nonetheless grant counsel’s motion to withdraw because we cannot order counsel to brief and argue an appeal that counsel considers frivolous.  
See Nichols
, 954 S.W.2d at 86 (citing
 Stafford
, 813 S.W.2d at 511).  In that situation, we normally abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney for the appellant; the new attorney is then required to file a brief raising the nonfrivolous grounds that we have identified, as well as any additional grounds that the attorney discovers.  
Id.

Here, however, we decline to abate the appeal and remand the cause to the trial court for the appointment of new counsel.  We instead exercise our authority to simply order the judgment in cause number 2-04-148-CR modified.  
Cf
.
 Gaffney v. State
, No. 2-03-00042-CR, 2005 WL 793741, at *1 (Tex. App.—Fort Worth Apr. 7, 2005, no pet.) (not designated for publication) (abating 
Anders
 appeal for appointment of new counsel so that new counsel could raise illegality of judgment’s condition requiring payment of appointed counsel fees as a condition of parole).  The arguable ground for appeal 
which we have located—the 
illegality of the condition in the judgment in cause 02-04-148-CR—presents an issue of law that this court has already addressed on multiple occasions, so we 
have binding precedent to guide us.  
See Belt
, 127 S.W.3d at 280; 
Gaffney, 
2005 WL 793741, at *1; 
see also Slaughter
, 2005 WL 183142, at *2-3 (reforming judgment to delete reimbursement of appointed counsel’s fees imposed as condition of parole in non-
Anders
 appeal); 
Green v. State
, Nos. 2-03-377-CR, 2-03-397-CR, 2005 WL 78326, at *3-4 (Tex. App.—Fort Worth Jan. 13, 2005, no pet.) (not designated for publication)
 (same
)
.  
Abatement of cause number 2-04-148-CR would require the trial court to do a useless task—appoint counsel to raise an issue of law that we have previously ruled on—thus we decline to abate that appeal.  
See Homan v. Hughes
, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law does not compel us to require courts to perform useless tasks)
.

We have throughly reviewed the limited records before us and have considered all potential error in light of the limited review available from a proceeding to adjudicate a defendant’s guilt and revoke his community supervision; our independent review of the records did not reveal any other arguable grounds of error.

C. Grant Motion to Withdraw and Reform Judgment

We grant appellate counsel’s motion to withdraw.  Additionally, because we hold that we possess authority to reform the judgment in cause number 2-04-148-CR, we reform that judgment to delete the language regarding the payment of appointed counsel fees as a condition of parole.  
See
 
Tex. R. App. P.
 43.2(f);
 Burnett v. State
, No. 06-00-00147-CR, 2001 WL 82520, at *2 (Tex. App.—Texarkana Feb. 1, 2001, no pet.) (not designated for publication)
 (reforming judgment to delete condition of parole in 
Anders
 appeal in which appointed counsel did not raise issue as point of arguable error); 
Conley v. State
, No. 01-89-01119-CR, 1991 WL 413, at *1 (Tex. App.—Houston [1st Dist.] Jan. 3, 1991, no pet.) (not designated for publication)
 (
reforming judgment to delete payment of attorney’s fees that were condition of parole in 
Anders
 appeal in which pro se raised issue as point of arguable error).
 
 
But see Evans
, 933 S.W.2d at 335 (holding that in an 
Anders
 appeal, the need to reform the judgment constitutes an arguable ground for appeal, requiring abatement for appointment of new counsel on appeal).

IV.  Conclusion

Having granted appellate counsel’s motion to withdraw and reformed the judgment to delete the language regarding the payment of appointed counsel fees in cause number 2-04-148-CR, we affirm the trial court’s judgments in cause numbers 2-04-149-CR and 2-04-150-CR and affirm the trial court’s judgment in cause number 2-04-148-CR as reformed.

SUE WALKER

JUSTICE

EN BANC

PUBLISH

DELIVERED: November 10, 2005

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).