# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00345-CR

**Shawntee Roseanne Samuel, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 56184, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2004, appellant Shawntee Roseanne Samuel was placed on deferred adjudication supervision after she pleaded guilty to assaulting a public servant. Following a hearing in May 2006, she was adjudged guilty and sentenced to five years' imprisonment. In her sole issue on appeal, she contends the trial court erred by ordering her to pay court costs, attorney fees, fines, and restitution as a condition of parole. We will modify the district court judgment and affirm it as modified.

The authority to place conditions on a defendant's parole is solely within the purview of the board of pardons and paroles. *See* Tex. Gov't Code Ann. § 508.221 (West 2004); *McNeill v. State*, 991 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd, untimely filed). As a general rule, a trial court has no authority to order a condition of parole. *Bray v. State*, 179 S.W.3d 725, 728 (Tex. App.—Fort Worth 2005, no pet.). There is one exception to this rule: a trial court

does have the authority to order restitution as a condition of parole. *See* Tex. Code Crim. Proc. Ann. art. 42.037(h) (West Supp. 2006); *see also Campbell v. State*, 5 S.W.3d 693, 696 n.6 (Tex. Crim. App. 1999).

After adjudicating appellant guilty, the trial court orally ordered her to pay "all court costs, court appointed attorney's fees and the balance of any restitution and the balance of any of the $500 fine that Judge Duncan ordered and that you are to pay that as a condition of parole." The court's written judgment recites that appellant owes a "$-0- fine," "$-0-" restitution, $396.00 in costs, and $745.00 for attorney fees. The judgment also contains this entry: "Parole condition: Defendant ordered by court to pay court costs, attorney fees, fines, and restitution as a condition of parole."

The 2004 order deferring adjudication and placing appellant on community supervision did not order payment of restitution. Reconciling the court's oral statements at the adjudication hearing with its judgment of conviction, we assume that there was no balance owed of the $500 fine appellant was ordered to pay as a condition of supervision. Although the court did assess $396.00 in costs and $745.00 for attorney fees, it was not authorized to order their payment as a condition of parole. *Bray*, 179 S.W.3d at 728. The appropriate remedy is to reform the judgment to reflect that the district court *recommends* that appellant be ordered to pay court costs and attorney fees as a condition of parole, and to omit any reference to the payment of fines and restitution.

The judgment of conviction is modified to read: "Parole condition: Court recommends that defendant be ordered to pay court costs and attorney fees as a condition of parole." As modified, the judgment is affirmed.

_____

Bob Pemberton, Justice

Before Justices B. A. Smith, Pemberton and Waldrop

Modified and, as Modified, Affirmed

Filed:   December 1, 2006

Do Not Publish