ACCEPTED
12-14-00290-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
4/1/2015 4:10:01 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-14-00290-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
4/1/2015 4:10:01 PM
CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

FREDRICK PERKINS,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

ON APPEAL IN CAUSE NUMBER 114-0932-14
FROM THE 114th DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437

ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Fredrick Perkins

APPELLANT'S TRIAL COUNSEL:
    M. Brent Ratekin[1]
    422 S. Spring Street
    Tyler, Texas 75702
    903-595-1516

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jacob Putman
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720

---

[1] At all times relevant to this case, Mr. Ratekin was a defense attorney, and the address and phone number is included which was accurate at the time of this case. On or about March 2, 2015, Mr. Ratekin was employed by the Smith County District Attorney's Office.

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

STATUTES

TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2013).. . . . . . . . . . . . . . . . 5

Tex. Health A& Safety Code Ann. §481.115 (a) and (b)(West 2013). . 2, 3

TEX. PENAL CODE ANN. § 12.425 (West 2013).. . . . . . . . . . . . . . . . . 3, 5, 6


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,

    18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 6

Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781,

    61 L. Ed. 2d 560 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 4

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).. . . . . . . . . . 8

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,

    80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).. . . . . . . . . . . 7


RULES

TEX. R. APP. PROC. 9.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TEX. R. APP. PROC. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

| FREDRICK PERKINS, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Fredrick Perkins, ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the state jail felony offense of possession of a controlled substance in Smith County occurring

1

on June 6, 2014.  CR 8;[2] TEX. HEALTH & SAFETY CODE ANN. §481.115(a) and (b) (West 2013).  The punishment range was enhanced to a second degree felony and Mr. Perkins entered a plea of guilty without an agreement. Tex. Penal Code Ann. §12.425(b) (west 2013); CR 47 and 49; II RR 4[3].  Following evidence and argument of counsel, the court imposed a fifteen year sentence with no fine.  III RR 11; CR 69-70.  Timely notice of appeal was filed. CR 74.  This brief is timely filed on or before April 3, 2015.

## ISSUES PRESENTED

None

## STATEMENT OF THE FACTS

Appellant was charged by indictment with the state jail felony

---

[2] References to the Clerk's Record are designated "CR" with an arabic numeral following "CR" specifying the correct page in the record.

[3] References to the Reporter's Record are made "RR" with a roman numeral preceding "RR" indicating the volume and an arabic numeral following specifying the correct page.

offense of possession of a controlled substance, cocaine in an amount of less than one gram. CR 8; TEX. HEALTH & SAFETY CODE ANN. §481.115(b) (West 2013). The punishment range was enhanced to a second degree punishment range by the inclusion of two sequential previous felony convictions in the indictment. CR 8; TEX. PENAL CODE ANN. §12.425(b) (West 2013). Mr. Perkins entered a plea of guilty to the indictment, and pleas of true to the two enhancement paragraphs without an agreement as to punishment. CR 47, 52-53; II RR 4, 11-13, 15-16.

Following evidence and argument of counsel, the trial court found Mr. Perkins guilty of the offense of possession of a controlled substance, found the two enhancement paragraphs to be true, and sentenced him to fifteen years confinement . CR 69-70; III RR 11. Further discussion of the facts in the case is included below.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or

3

jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).   Thus, counsel must move for leave to withdraw from the case.


## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38.  Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the following explanatory section.


## PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion.  See Mays v. State, 904

S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.). Counsel has conducted a review of the record, and has concluded that it presents no arguable error.

Counsel first reviewed the record for jurisdictional defects, and has found none. As charged in the indictment, the offense was a state jail felony; thus, the trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2013) (stating that district courts shall have original jurisdiction in all felony cases). The indictment filed conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. The enhancement paragraphs were properly alleged in the indictment elevating the punishment range to a second degree felony. TEX. PENAL CODE. ANN. 12.425 (b) (West 2013).

Counsel has examined the totality of evidence as well, and has determined that there are no arguable grounds for review of the sufficiency of the evidence. For legal sufficiency purposes, the question is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia,

5

443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979). The stipulation of evidence supported the plea of guilty, and the true pleas to the enhancement paragraphs. CR 52-53; II RR 15-16.

The sentence was within the punishment range provided for by law, and is therefore not subject to challenge. See TEX. PENAL CODE ANN. § 12.425(b) (West 2013) (punishment range for state jail enhanced to a second degree felony offense). Moreover, the judgment does not contain any improper assessment of fees. CR 69-70 and 85; See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). As this Court is well aware, some of the Smith County trial courts has assessed an attorney fee in the amount of $300 as court costs following a finding that the defendant was indigent. That did not occur in this case. CR 85. Thus, there is no arguably reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674

(1984).

Trial counsel filed a motion for appointment of an investigator almost immediately following the indictment and it appears that the investigator was able to assist which resulted in a no bill being returned in a companion case which could have exposed Mr. Perkins to a minimum punishment of 25 years.[4]

At the sentencing proceedings, the State sought an eighteen year sentence in the case. III RR 6. Defense counsel was able to argue and influence the trial court not to impose that sentence, but rather a shorter sentence. III RR 6-10.

Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See Strickland 466 U.S. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

Counsel is also aware that Mr. Perkins apparently believes that the

---

[4] The offense for which an investigator was sought was an Assault Family Violence with Previous Conviction. CR 4-5. That offense is a third degree felony. If it had been indicted, the third degree punishment range would have been increased to an enhanced felony with a twenty-five year minimum punishment range.

7

lengthy sentence argued for by the State was related to the no bill on the companion assault case discussed above. CR 66 and 67. The record from the punishment argument does not support taking this position. III RR 6.

## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by regular mail or through the State of Texas Electronic Filing System on this the 1st day of April 2015 and to the Appellant at the address listed below by regular mail.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702


Fredrick Perkins
TDCJ#01961955
C. Moore Unit
1700 North FM 87
Bonham, Texas 75418


 /s/ James Huggler
James W. Huggler, Jr.

10

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 1,852 words as counted by Corel WordPerfect version x5.


 /s/ James Huggler

James W. Huggler, Jr.