ACCEPTED
12-15-00009-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/11/2015 5:05:04 PM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00009-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/11/2015 5:05:04 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

JOE PITTMAN,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-1053-14
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Joe Pittman

APPELLANT'S TRIAL COUNSEL:
    LaJuanda Lacy
    2419 Cecil Avenue
    Tyler, Texas 75702
    903-592-8335

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jacob Putman
    Lucas Machicek
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720
    903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
    Michael West
    Smith County Criminal District Attorney's Office
    100 N. Broadway, 4th Floor
    Tyler, Texas 75702
    903-590-1720
    903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . . 6

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE.. . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CONST.

TEX. CONST. art. V, § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


## STATUTES

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2013). . . . . . . . . . . . . . . . 6

TEX. PENAL CODE ANN. § 12.33 (West 2013).. . . . . . . . . . . . . . . . . . . . 7

TEX. PENAL CODE ANN. § 22.02 (West 2013).. . . . . . . . . . . . . . . . . . 1, 2


## CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,

   18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 7

Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . 6

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 6

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).. . . . . . . . . . 10

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,

   80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).. . . . . . . . . . 10


## RULES

Tex. R. App. P. 9.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

| | | |
|---|---|---|
| JOE PITTMAN, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Joe Pittman ("Appellant"), by and through his attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged by felony indictment in Smith County cause number 114-1053-14 with the felony offense of aggravated arrest. TEX.

PENAL CODE ANN. §22.02 (West 2013). I CR 4[1]. Following evidence and argument, a jury found Mr. Pittman guilty of the offense. I CR 81, VIII RR 225.[2] The jury then heard evidence and argument during the punishment phase and assessed a fifteen year sentence. I CR 91, IX RR 40-41. Timely notice of appeal was filed on January 14, 2015. I CR 108. This brief is timely filed on or before September 11, 2015.

ISSUES PRESENTED

None

STATEMENT OF THE FACTS

Appellant was charged by felony indictment in Smith County cause number 114-1053-14 and charged with the felony offense of aggravated assault. TEX. PENAL CODE ANN. §22.02(a)(2) and 22.01 (a)(2) (West 2013); I CR 4. Appellant entered a plea of not guilty and had a jury trial. VIII

---

[1] References to the Clerk's Record are made using "CR" with a roman numeral preceding "CR" designating the correct volume and an arabic numeral following specifying the correct page.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

2

RR 11-12.  The indictment alleged that Mr. Pittman committed an aggravated assault against Nancy Tito on July 13, 2014 by striking her with his hand and kicking her with his foot while using or exhibiting a deadly weapon.  I CR 4.  It also alleged that he threatened Ms. Tito with imminent bodily injury by pointing a firearm at her.  I CR 4.  To prove the case, the State called four witnesses.  The complainant testified, as did her neighbor who had called for assistance and two of the responding deputies.

Mr. William Yard testified that he was Ms. Tito's neighbor in a rural area of Smith County.  VIII RR 123-24.  He heard something that night that woke him, he went to investigate outside and heard someone yelling for help.  VIII RR 126-27.  He got a flashlight, went closer and recognized Ms. Tito as the person calling for help.  VIII RR 127.  He saw what appeared to be blood on her and was told "He's got my stuff.  He's got a gun." VIII RR 129.  He saw Mr. Pittman "waving" a gun around and kick Ms. Tito hard several times.  VIII RR 129, 132-33, 143, 146.

Two witnesses were law enforcement officers who responded to the scene.  Deputy Jose Terrazas and Justin Stockwell testified regarding the

3

events of that morning. VIII RR 23, 152. Upon approach to Ms. Tito's house, Terrazas was able to see her in the doorway and was able to have her crawl to him. VIII RR 31-32. He also observed the injuries on Ms. Tito. VIII RR 36. He was able to identify Ms. Tito as the complainant and Mr. Pittman as the defendant. VIII RR 32, 40. Deputy Stockwell testifed similarly, but after Mr. Pittman was taken into custody, he found the firearm used. VIII RR 156, 157, 158.

Ms. Tito testified that she previously had a relationship with Mr. Pittman. VIII RR 30. On that night, he came to her home in the middle of the night. VIII RR 30, 61. She described him as being high on drugs. VIII RR 63. A further discussion of that testimony is included below. She testified that Mr. Pittman gave her a black eye, pointed the gun at her and said that he was going to kill her, kicked her, and kicked her with the gun in his hand. VIII RR 65, 66, 70-71, 107, 120.

Following all the evidence and argument of counsel, the jury found Mr. Pittman guilty as charged in the indictment. VIII RR 225. Following evidence and argument in the punishment phase of trial, the jury assessed a fifteen year sentence with no fine. IX RR 40-41. Mr. Pittman was

4

sentenced by the court formally the following day.  X RR 5-6.  This appeal follows.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38.  Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the following explanatory section.

5

## PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.)

The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. See TEX. CONST. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2013) (stating that district courts shall have original jurisdiction in felony criminal cases).

The evidence admitted supports the finding of guilt in this case. Given the testimony of Ms. Tito, Mr. Yard and Deputies Terrazas and Stockwell, raising a claim that the evidence was legally insufficient would be frivolous.

Appellant's attorney confirmed that he was satisfied that Appellant was competent and the State offered no evidence regarding competency. I RR 16.

Counsel has found no error occurring in the final hearing and assessment of punishment. At the sentencing hearing, the trial court sentenced Appellant to fifteen years confinement in accord with the jury decision. X RR 5-6; IX RR 40-41; I CR 91. The sentence assessed by the trial court is within the punishment range provided for by law. See TEX. PENAL CODE ANN. § 12.33 (West 2013).

Moreover, the judgment does not contain any improper assessment of fees. See Bray v. State, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). The bill of costs prepared appears to be accurate. I CR 119, 103-104.

Counsel is concerned about two specific areas, but after review finds that they would be frivolous if raised .

The first area relates to evidence placed before the jury regarding Mr. Pittman's use of drugs, prior to and that evening, his desire to use drugs with Ms. Tito and her opinion that he was under the influence of narcotics that evening. VIII RR 63-64, 94-97. However, this evidence was admitted without objection. Additionally, the court included a jury instruction regarding extraneous offenses. I CR 75-76. Raising this issue

would be frivolous.

The second area of concern regards the request by defense counsel during the trial regarding the necessity for a competency evaluation. VIII RR 91-92. This arose following statements made by Mr. Pittman outside the presence of the jury regarding his expressions during the testimony of Ms. Tito. VIII RR 87, 88-90. The court sought assistance from Dr. Paul Andrews who is a forensic psychologist qualified to perform a competency examination under Texas law. Dr. Andrews was able to examine Mr. Pittman during the trial, the evening of the request. IX RR 4. Dr. Andrews determined that Mr. Pittman was competent. IX RR 4. The trial court also proposed not having a formal sentencing of Mr. Pittman until Dr. Andrews final report was prepared. IX RR 4. This was unobjected to by either side. IX RR 4-5. Both parties received that report prior to sentencing, did not object and the court sentenced Mr. Pittman in accordance with the jury verdict. X RR 4-5. If the final determination had been that Mr. Pittman was not competent, obviously there would be issues to raise. The only questionable issue was that the court proceeded while there was an issue as to competency with the trial including whether or not Mr. Pittman should testify. VIII RR 175. Trial counsel is experienced

8

enough if she had a doubt as to his competence beyond what was expressed she would have argued that issue. XIII RR 175. Because the evaluation concluded that Mr. Pittman was competent, raising this issue would be frivolous.

Because the sentence was within the range of punishment for a second degree felony, there was no reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

In the present case, trial counsel sought and used an investigator to prepare, effectively cross-examined witnesses and argued effectively. She was able to obtain an offer from the State for a five year sentence, communicated the offer to Mr. Pittman who rejected the offer. IC RR 38. The State sought a twenty year sentence from the jury. IX RR 17, 30, 36-

9

37. Mr. Pittman received a fifteen year sentence. Considering the totality of the representation of Appellant's trial counsel, the record contains nothing that would indicate that counsel's performance was deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

## CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.

10

Respectfully submitted,


<u>/s/ James Huggler</u>

James W. Huggler, Jr.

State Bar Number 00795437

100 E. Ferguson, Suite 805

Tyler, Texas 75702

903-593-2400

903-593-3830 fax

ATTORNEY FOR APPELLANT

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 4th day of September, 2015. And by regular mail to Mr. McLemore at the address below.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

Mr. Joe Pittman
TDCJ #01977406
Bartlett Unit
1018 Arnold Drive
Bartlett, Texas 75611

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 2,253 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler
James W. Huggler, Jr.

12