ACCEPTED
12-15-00146-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/22/2015 3:36:22 PM
Pam Estes
CLERK

ORAL ARGUMENT NOT REQUESTED

NO. 12-15-00146-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/22/2015 3:36:22 PM
PAM ESTES
Clerk

IN THE COURT OF APPEALS
12TH JUDICIAL DISTRICT
TYLER, TEXAS

---

BRITTANY BARRETT,
APPELLANT

VS.

THE STATE OF TEXAS,
APPELLEE

---

ON APPEAL IN CAUSE NUMBER 114-0874-12
FROM THE 114TH JUDICIAL DISTRICT COURT
OF SMITH COUNTY, TEXAS
HONORABLE CHRISTI KENNEDY, JUDGE PRESIDING

APPELLANT'S BRIEF

JAMES W. HUGGLER, JR.
100 E. FERGUSON, SUITE 805
TYLER, TEXAS 75702
903-593-2400
STATE BAR NUMBER 00795437
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:
    Brittany Barrett

APPELLANT'S TRIAL COUNSEL:
    Walter Nicholson
    PO Box 1811
    901 North Perry
    Palestine, Texas 75802
    903-729-5400

    Brent Ratekin
    422 S. Spring
    Tyler, Texas 75702
    903-595-1516

    Norman Ladd
    235 S. Broadway, Suite 200
    Tyler, Texas 75702
    903-705-7211

APPELLANT'S APPELLATE COUNSEL
    James Huggler
    100 E. Ferguson, Suite 805
    Tyler, Texas 75702
    903-593-2400
    903-593-3830 (fax)

APPELLEE
    The State of Texas

APPELLEE'S TRIAL COUNSEL
    Jacob Putman
    Whitney Tharpe
    Chris Gatewood
    Smith County Criminal District Attorney's Office

100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

APPELLEE'S APPELLATE COUNSEL
Michael West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702
903-590-1720
903-590-1719 (fax)

# TABLE OF CONTENTS

PAGE

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

PROFESSIONAL EVALUATION OF THE RECORD. . . . . . . . . . . . . 4

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . 9

# TABLE OF AUTHORITIES

CONST.

TEX. CONST. art. V, § 12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


STATUTES

TEX. CODE CRIM. PROC. ANN. art. 4.05 (West 2011). . . . . . . . . . . . . . .  5

TEX. PENAL CODE ANN. § 12.33 (West 2011).. . . . . . . . . . . . . . . . . . . . 6

Tex. Penal Code Ann. §22.01(a)(2) (West 2011). . . . . . . . . . . . . . . . . . .3

TEX. PENAL CODE ANN. § 22.02 (West 2011).. . . . . . . . . . . . . . . . . . 1, 3


CASES

Anders v. California, 386 U.S. 738, 87 S. Ct. 1396,

   18 L. Ed. 2d 493 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Bray v. State, 179 S.W.3d 725 (Tex. App.– Fort Worth 2005, no pet.). . 6

Duron v. State, 956 S.W.2d 547 (Tex. Crim. App. 1997). . . . . . . . . . . . . 5

Mays v. State, 904 S.W.2d 920 (Tex. App. – Fort Worth 1995, no pet.). 5

Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991).. . . . . . . . . . . 7

Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052,

   80 L. Ed. 2d 674 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999).. . . . . . . . . . . 7


RULES

Tex. R. App. P. 9.4.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TEX. R. APP. P. 38.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

| BRITTANY BARRETT, | § | IN THE COURT OF APPEALS |
| APPELLANT | § | |
| | § | |
| VS. | § | 12TH JUDICIAL DISTRICT |
| | § | |
| THE STATE OF TEXAS, | § | |
| APPELLEE | § | TYLER, TEXAS |

## APPELLANT'S BRIEF

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

Comes now Brittany Barrett ("Appellant"), by and through her attorney of record, James Huggler, and pursuant to the provisions of TEX. R. APP. PROC. 38, et seq., respectfully submits this brief on appeal.

## STATEMENT OF THE CASE

Appellant was charged by felony indictment in Smith County cause number 114-0874-12 with the felony offense of aggravated arrest. TEX.

1

PENAL CODE ANN. §22.02 (West 2011). I CR 1[1]. This is one of three cases which all occurred at the same time and have been given sequential cause numbers by both the trial court and this Court. Following a plea agreement, the court placed Ms. Barrett on ten years deferred adjudication supervision. I CR 32-33, 40; III RR 12-13.[2] Timely notice of appeal was filed on June 2, 2015. I CR 84. A First Amended Application to Proceed to Final Adjudication was filed. I CR 67-71. Ms. Barrett entered a plea of true to each allegation. I CR 77; VI RR 12-17. Following evidence and argument, the trial court proceeded to final adjudication, found Ms. Barrett guilty of the offense. VI RR 61-62. Following argument, the court assessed a fifteen year sentence in this case. VI RR 65. This brief is timely filed on or before September 23, 2015.

## ISSUES PRESENTED

None

---

[1] References to the Clerk's Record are made using "CR" with a roman numeral preceding "CR" designating the correct volume and an arabic numeral following specifying the correct page.

[2] References to the Reporter's Record are made using "RR" with a roman numeral preceding designating the volume and an arabic numeral following designating the correct page.

## STATEMENT OF THE FACTS

Appellant was charged by felony indictment in Smith County cause number 114-0874-12 and charged with the felony offense of aggravated assault. TEX. PENAL CODE ANN. §22.02(a)(2) and 22.01 (a)(2) (West 2011); I CR 1. The indictment alleged that Ms. Barrett committed an aggravated assault against Terrence Brown on May 14, 2012 by striking him with a motor vehicle while using or exhibiting a deadly weapon. I CR 1.

Ms. Barrett entered a plea of guilty, pursuant to an agreement to receive ten years deferred adjudication supervision. I CR 40; II RR 17. The court accepted the plea agreement. III RR 12-13. The State filed an amended application to proceed to final adjudication alleging a total of eight paragraphs. I CR 67-71. Ms. Barrett entered a plea of true to each paragraph. I CR 77; VI RR 12-17. Following evidence and argument of counsel, the court found Ms. Barrett guilty of the offense. VI RR 61-62. Following argument, the court imposed a fifteen year sentence with no fine. VI RR 65; I CR 73-74. This appeal follows.

## SUMMARY OF ARGUMENT

Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Thus, counsel must move for leave to withdraw from the case.

## ARGUMENT

There is no argument to present to this Court; however, Counsel has included this section to strictly comply with Texas Rule of Appellate Procedure 38.  Counsel has reviewed the record and has concluded that, in his professional opinion, the record contains no reversible error or jurisdictional defects.  Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967).  Therefore, counsel is including the following explanatory section.

## PROFESSIONAL EVALUATION OF THE RECORD

When counsel contends that there are no arguable grounds for

reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. See Mays v. State, 904 S.W.2d 920, 922-23 (Tex. App. – Fort Worth 1995, no pet.)

The indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice of the charged offense. See TEX. CONST. art. V, § 12; Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). The trial court has jurisdiction over the case. See TEX. CODE CRIM. PROC. ANN. Art. 4.05 (West 2011) (stating that district courts shall have original jurisdiction in felony criminal cases).

Appellant's attorney confirmed that he was satisfied that Appellant was competent and the State offered no evidence regarding competency. III RR 15. Ms. Barrett was correctly admonished as to the punishment range. III RR 8; I CR 41. She was admonished as to the effects a guilty plea may have regarding any immigration status. III RR 8.

Counsel has found no error occurring in the final hearing and assessment of punishment. At the sentencing hearing, the trial court sentenced Appellant to fifteen years confinement. VI RR 65; I CR 73-74. The sentence assessed by the trial court is within the punishment range

5

provided for by law. See TEX. PENAL CODE ANN. § 12.33 (West 2011).

Moreover, the judgment does not contain any improper assessment of fees. See <u>Bray v. State</u>, 179 S.W.3d 725 (Tex. App.--Fort Worth 2005, no pet.). The bill of costs prepared appears to be accurate and matches the judgment. I CR 82, 73-74. Because the sentence was within the range of punishment for a second degree felony, there was no reversible error during the punishment phase.

Finally, the undersigned has reviewed the record and found no arguable ground for ineffective assistance of counsel. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066, 80 L. Ed. 2d 674 (1984).

Upon review of the PSI by the trial court, the trial court was of the opinion that deferred was not appropriate in these cases. III RR 4. Mr. Nicholson was able to argue effectively for the court to allow Ms. Barrett the opportunity for the deferred. III RR 9-10. He also sought a transfer of supervision to Anderson County, and voiced his concerns when the

court refused that request. III RR 14, 16-17. Ms. Barrett expresses no dissatisfaction with Mr. Nicholson. III RR 20.

Mr. Nicholson's concerns at the original sentencing were proven correct at a later hearing on January 30, 2015. IV RR 4-5. Mr. Ratekin was appointed to represent Ms. Barrett and argued successfully for the same transfer Mr. Nicholson had sought on September 5, 2012. IV RR 6.

At the final application to revoke hearing, Mr. Ladd effectively argued for Ms. Barrett. He was able to cross-examine the witnesses thoroughly. Ms. Barrett received a fifteen year sentence when the State sought a seventeen year sentence. VI RR 63. Considering the totality of the representation of Appellant's trial counsels, the record contains nothing that would indicate that any counsel's performance was deficient. See id. at 687, 104 S. Ct. at 2064; Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).


CONCLUSION

Since counsel is unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. See Stafford v. State, 813

7

S.W.2d 503 (Tex. Crim. App. 1991).

PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Counsel respectfully prays that this Court permit him to withdraw after this Court's own examination of the record in this cause and to afford Appellant his right to file any pro se brief that he may wish to file.

Respectfully submitted,

/s/ James Huggler
James W. Huggler, Jr.
State Bar Number 00795437
100 E. Ferguson, Suite 805
Tyler, Texas 75702
903-593-2400
903-593-3830 fax
ATTORNEY FOR APPELLANT

8

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Brief of the Appellant has been forwarded to counsel for the State by electronic filing on this the 22nd day of September, 2015. And by regular mail to Ms. Barrett at the address below.

Attorney for the State:
Mr. Mike West
Smith County Criminal District Attorney's Office
100 N. Broadway, 4th Floor
Tyler, Texas 75702

Ms. Brittany Barrett
TDCJ 02002124
Lockhart Unit
PO Box 1170
Lockhart, Texas 78644

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with Tex. R. App. P. 9.4, specifically using 14 point Century font and contains 1,786 words as counted by Corel WordPerfect version x6.

 /s/ James Huggler
James W. Huggler, Jr.