

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00199-CR

———————————————

ROLAND CHRISTOPHER REED, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13698

Before Bassel, J.; Sudderth, C.J.; and Kerr, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Roland Christopher Reed pleaded guilty to the offense of possession of methamphetamine of four grams or more, but less than 200 grams, with intent to deliver, and the trial court accepted his plea. *See* Tex. Health & Safety Code Ann. § 481.112(a), (d) (West 2017). After the trial court instructed the jury to find Reed guilty based on his plea, the jury found Reed guilty and assessed his punishment at forty-five years' confinement and a $10,000 fine, and the trial court sentenced him in accordance with the jury's recommendation.

Reed's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Reed of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Reed's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Reed the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is

2

frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. Our independent review of the record revealed that the bill of costs includes a capias warrant fee of $100. The statute governing fees for services of peace officers provides that a defendant convicted of a felony shall pay $5 when a peace officer arrests him without a warrant and $50 for executing or processing an issued arrest warrant or capias. *See* Tex. Code Crim. Proc. Ann. art. 102.011(a)(1), (2) (West 2018). Reed's initial arrest was made following the discovery of drugs during a traffic stop—not pursuant to an arrest warrant—and only one capias appears in the record.[1] Applying the statute governing fees for services of peace officers to these facts, Reed should have been assessed a $5 fee for when he was initially arrested without a warrant and a $50 fee for when officers executed the capias. We therefore modify the judgment to delete $45 from the total costs assessed, leaving total costs of $464. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.); *see also Barefield v. State*, No. 02-14-00336-CR, 2016 WL 551890, at *1 (Tex. App.—Fort Worth Feb. 11, 2016, pet. ref'd) (mem. op., not designated for publication) (deleting from judgment a $50 arrest fee

---

[1]Our clerk's office contacted the district clerk regarding the costs, and she stated that the $100 capias fee reflected the assessment of a $50 fee for the initial arrest and a $50 fee for the capias.

that was not supported by record). We likewise modify the bill of costs and the order to withdraw funds to delete $45 of the total costs and fines assessed, reducing the total costs and fines to $10,464. *Cf. Bone v. State*, No. 02-15-00452-CR, 2016 WL 7240603, at *2 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (modifying bill of costs and order to withdraw funds to delete fees not supported by record).

Except for the errors corrected by the modifications described above, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm as modified the trial court's judgment and order to withdraw funds incorporated into the judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 31, 2018