

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00363-CR
### NO. 02-14-00364-CR

DAVID ERIC BROWNE A/K/A
DAVID E. BROWN

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NOS. CR12639, CR12818

----------

## MEMORANDUM OPINION[1]

----------

Appellant David Eric Browne a/k/a David E. Brown appeals his unauthorized-use-of-a-motor-vehicle conviction in cause number 02-14-00363-CR and his bail-jumping conviction in cause number 02-14-00364-CR. *See* Tex. Penal Code Ann. §§ 31.07, 38.10 (West 2011). Browne pleaded guilty to these

---

[1]*See* Tex. R. App. P. 47.4.

offenses, which were enhanced with Browne's prior felony convictions, and a jury assessed his punishment at twenty years' confinement in each case, which the trial court set to run concurrently. *See id.* §§ 12.35(c)(2)(B), 12.42(d), 12.425 (West Supp. 2014).

Browne's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Browne had the opportunity to file a pro se brief but has not done so. The State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record in each case and counsel's brief. Because the order to withdraw funds in cause number 02-14-00363-CR does not reflect the actual amount of court costs assessed in the trial court's judgment, we

modify the order to withdraw to reflect the correct amount of costs: $384.[2] *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

We otherwise agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, affirm the trial court's judgment in cause number 02-14-00363-CR with the modified order to withdraw funds reflecting $384 in costs, and affirm the trial court's judgment in cause number 02-14-00364-CR.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2015

---

[2]The judgment reflects that the trial court assessed $384 in court costs and placed "N/A" in the spaces designated for a fine and for restitution, and the bill of costs from the Hood County District Clerk reflects the same amount. The judgment incorporates the order to withdraw funds into itself. Instead of reflecting $384 in court costs, the order to withdraw funds reflects that "Court costs, fees and/or fines and/or restitution have been incurred in the amount of $1502.00," and authorizes the withdrawal of funds from Browne's inmate trust account to pay that amount.