

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

---

No. 02-18-00352-CR

---

JEREMY BRANDON WRIGHT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13942

---

Before Bassel, Pittman, and Birdwell, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Jeremy Brandon Wright appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for assault causing bodily injury to a family member that was enhanced by a prior conviction, sentencing him to ten years' confinement, and ordering him to pay $1,239 in court costs. We modify the judgment to delete $15 of the total costs assessed because the amount represents a filing fee that is not a statutorily authorized cost, and we affirm the judgment as modified.

A grand jury indicted Wright for the offense of assault causing bodily injury to a family member with a prior conviction. *See* Tex. Penal Code Ann. § 22.01. Under the terms of a plea-bargain agreement, Wright pleaded guilty to the offense, and the trial court deferred adjudicating his guilt and placed him on community supervision for seven years. The trial court also imposed a nonsuspended $1,500 fine, pursuant to the terms of the plea-bargain agreement, and assessed court costs in the amount of $1,134.

During the period of Wright's community supervision, the State filed a first amended motion to proceed with an adjudication of guilt. The State alleged that Wright had violated three conditions of his community supervision: (A) sent harassing electronic communications, (B) tested positive for marijuana, and (C) tested positive for alcohol. Wright pleaded "true" to all three allegations. The trial court heard evidence regarding the State's violation allegations, found all three allegations to

be true, and adjudicated Wright guilty of the underlying offense. The trial court revoked Wright's community supervision and sentenced him to ten years' confinement. The judgment adjudicating guilt orders Wright to pay $1,239 in court costs.

Wright's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Wright of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Wright's review of the appellate record. 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Wright the opportunity to file a response on his own behalf, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

3

We have carefully reviewed counsel's brief and the record. Our independent review of the record revealed that the bill of costs includes a $15 filing fee for the State's motion to proceed to an adjudication of guilt. Although there is statutory authority for requiring the opposing party to pay the entire amount of any filing fee attributable to the State when the State prevails in a civil lawsuit,[1] we have not found a corresponding criminal statute. District clerks do not have discretion to impose any fees not authorized by statute. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (stating that "[o]nly statutorily authorized costs may be assessed against a criminal defendant"). We therefore modify the judgment to delete $15 from the total costs assessed, leaving total costs of $1,224. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.); *see also Diaz v. State*, No. 10-16-00218-CR, 2017 WL 4413436, at *4 (Tex. App.—Waco Oct. 4, 2017, no pet.) (mem. op., not designated for publication) (deleting criminal filing fee because there was no statutory basis for the fee). We likewise modify the bill of costs and the order to withdraw funds to delete $15, reducing the total court costs to $1,224.

Except for the error corrected by the modification described above, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw

---

[1] *See generally* Tex. Civ. Prac. & Rem. Code Ann. § 8.02.

4

and affirm as modified the trial court's judgment and the order to withdraw funds incorporated into the judgment.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: January 24, 2019