

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00252-CR
No. 02-19-00253-CR
No. 02-19-00254-CR

———————————————

JAMAL TYRESE BRADSHAWJONES, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1533077D, 1533078D, 1533079D

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Jamal Tyrese Bradshawjones appeals his convictions and 10-year concurrent sentences for possession of one or more but less than four grams of methamphetamine with the intent to deliver and possession of four or more but less than 200 grams of both heroin and cocaine with the intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(c), (d). Appellant pleaded guilty to all three offenses without the benefit of a plea bargain; the trial court assessed punishment after ordering a presentence investigation report and holding a hearing.

Upon reviewing the records and concluding that no arguable grounds for appeal exist, appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Although not identifying the costs error we describe below,[1] counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the entire record in each case demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. We have independently examined the records, as is our duty upon the filing of an *Anders*

---

[1]Based on our stringent review of the record and our conclusion that the appeals are indeed frivolous but for the clear modifiable errors in two of the judgments, abating the appeals for the appointment of new appellate counsel to brief this arguable issue that is governed by clear authority would result in a waste of resources for all involved. *See Bray v. State*, 179 S.W.3d 725, 729–30 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (modifying judgment in *Anders* appeal and affirming judgment as modified rather than abating appeal for appointment of new counsel).

brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Although provided a copy of the records, appellant declined to file a pro se response. The State agreed with counsel's assessment and declined to file a brief.

After carefully reviewing the records and counsel's brief, we have determined that two of the judgments (and accompanying incorporated orders to withdraw funds from appellant's inmate trust account) should be modified to delete the $349 in court costs imposed in each. Although the trial court heard the three cases together and ordered the sentences to run concurrently, the trial court imposed $349 in court costs for a felony conviction in all three judgments and issued funds-withdrawal orders for each judgment. When a defendant is convicted of multiple offenses tried together— regardless of whether the offenses were committed in a single criminal episode—the trial court may assess costs and fees only once for the "the highest category of offense that is possible based on the defendant's convictions." Tex. Code Crim. Proc. Ann. art. 102.073(a), (b). Because appellant's convictions for possession of heroin and cocaine were for first-degree felonies, we modify the judgment and incorporated funds-withdrawal order in his methamphetamine-possession case, a second-degree felony—trial court cause number 1533077D—to delete the $349 in court costs. *See id.* We also modify the judgment and incorporated funds-withdrawal order in his cocaine-possession case—trial court cause number 1533079D—to delete the $349 in

court costs. *See Mambe v. State*, Nos. 02-19-00317-CR, 02-19-00319-CR, 2020 WL 2071943, at *1 (Tex. App.—Fort Worth Apr. 30, 2020, no pet.) (mem. op., not designated for publication) (modifying judgment in higher trial court cause number when offenses were of the same degree). The heroin-possession judgment and incorporated funds-withdrawal order—trial court cause number 1533078D—remain unchanged.

Except for these modifications to the two judgments and incorporated funds-withdrawal orders, we agree with counsel that these appeals are wholly frivolous and without merit. Our independent review of the records reveals nothing further that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We grant counsel's motion to withdraw; modify the trial court's judgments and incorporated funds-withdrawal orders in trial court cause numbers 1533077D and 1533079D to delete the $349 in court costs; and affirm those two judgments as modified. *See* Tex. R. App. P. 43.2(b); *Bray*, 179 S.W.3d at 729. We affirm the judgment in trial court cause number 1533078D as is. *See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 25, 2021