In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00202-CR

KEVIN WESLEY KIRKLAND, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR34378**

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, appellant Kevin Wesley Kirkland pleaded guilty to possession of a controlled substance, a third-degree felony. *See* Tex. Health & Safety Code Ann. § 481.115(c). The trial court found the evidence sufficient to find Kirkland guilty of possession of a controlled substance, but deferred further proceedings, placed Kirkland on community supervision for five years, assessed a $1000 fine, and ordered restitution of $180.

Subsequently, the State filed a motion to revoke Kirkland's unadjudicated community supervision. Kirkland pleaded "true" to violating eleven terms of the community supervision order. After conducting an evidentiary hearing, the trial court found that Kirkland violated the terms of his community supervision, revoked Kirkland's community supervision, found Kirkland guilty of possession of a controlled substance, and imposed a sentence of four years of confinement.

Kirkland's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On September 23, 2021, we notified Kirkland his *pro se* brief was due November 22, 2021. We received no response from Kirkland.

We reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). However, in reviewing the record, we observed that inconsistent with the oral pronouncement, the written judgment contains the wrong statutory provision and felony classification. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify the judgment in an *Anders* case and to affirm the judgment as modified). Accordingly, we modify the judgment to delete "481.112(c)" and

2

replace it with "481.115(c)." For the degree of offense, we delete "2nd Degree Felony" and replace it with "3rd Degree Felony." We affirm the trial court's judgment as modified.[1]

AFFIRMED AS MODIFIED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on January 27, 2022
Opinion Delivered February 9, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[1] Kirkland may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.