

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00218-CR
No. 02-22-00219-CR

———————————————

KURTIS STALEY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court Nos. F21-3071-362, F21-84-362

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant Kurtis Staley entered an open plea of guilty to first-degree-felony possession of a controlled substance with intent to deliver in trial court cause numbers F21-3071-362 (appellate cause number 02-22-00218-CR) and F21-84-362 (appellate cause number 02-22-00219-CR). *See* Tex. Health & Safety Code Ann. § 481.112(d) (stating that an offense is a first-degree felony if the amount of the controlled substance by aggregate weight, including adulterants or dilutants, is four grams or more but less than 200 grams). The trial court sentenced Staley to twenty years' confinement in each case, to be served concurrently. *See* Tex. Penal Code Ann. § 12.32 (stating that first-degree-felony punishment range is from five to ninety-nine years or life and up to a $10,000 fine).

Staley's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief stating that counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* to present a professional evaluation of the entire record in the case demonstrating why there are no arguable grounds for relief. *See id.*, 87 S. Ct. at 1400. Staley filed a pro se response. The State declined to file a response.

We have independently examined the record as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully

2

reviewing the record, counsel's brief, and Staley's pro se response, we have determined that the judgments incorrectly state that Staley entered a plea bargain. The record reflects that Staley entered an open plea of guilty in each case with no agreement as to punishment. We correct the judgments to reflect that in each case, Staley entered an open plea of guilty with no agreement as to punishment.

Further, the time-payment fee in the bill of costs in each case has been prematurely assessed. *See Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021) (holding that a prematurely assessed time-payment fee must be struck because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time-payment fee). We will strike the time-payment fees without prejudice, however, because they may be assessed if Staley fails to completely pay his court costs more than thirty days after the issuance of the appellate mandate in each case. *See id.* at 133.

Except for the modifications above, we agree with counsel that these appeals are wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and modify the judgment and bill of costs in each case to reflect an open plea of guilty with no agreement as to punishment and to strike the premature time-payment fee.

We affirm the judgments as modified. *See* Tex. R. App. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 729 (Tex. App.—Fort Worth 2005, no pet.).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 29, 2023

4