

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00068-CR

———————————————————

JEREMY RASHAD RIDING, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court No. 1652742D

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

By indictment, the State charged Appellant Jeremy Rashad Riding with one count of indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a). A repeat offender notice alleged that Riding had been finally convicted of the felony offense of "domestic assault - 2nd degree" in another state. Pursuant to a plea agreement, the State waived the enhancement, and Riding pleaded guilty to the remaining allegations in the indictment in exchange for seven years' deferred adjudication community supervision and a $700 fine. Months later, the State petitioned to proceed to adjudication, alleging that Riding had committed multiple violations of his community-supervision conditions. Riding pleaded "true" to some of the State's allegations and "not true" to the others. The trial court held a hearing, found true seven of the ten paragraphs—including the three to which Riding had pleaded "true"—adjudicated him guilty, and sentenced him to fifteen years' confinement.

On appeal, Riding's counsel has filed a motion to withdraw and a brief in which she argues that there are no arguable, non-frivolous issues to present on appeal. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Additionally, in compliance with *Kelly v. State*, counsel provided Riding with copies of her brief and motion to withdraw, and she informed Riding of his right to file a pro se response, to

review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Riding filed a pro se response, but his response did not show any arguable grounds for appeal. The State declined to file a brief and instead filed a letter in which it agreed with appointed counsel that the appeal is frivolous.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the record, counsel's brief, and Riding's pro se response, we agree with counsel that this appeal is wholly without merit; we have found nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). However, the trial court's judgment reflects that Riding pleaded, "True," to the State's petition to adjudicate. Riding did not plead true to all the allegations in the State's petition; he only pleaded true to Paragraphs 3, 4, and 9.

We have the authority to modify the trial court's judgment and affirm it as modified. *See* Tex. R. App. P. 43.2(b); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.); *see also Van Flowers v. State*, 629 S.W.3d 707, 711 (Tex.

3

App.—Houston [1st Dist.] 2021, no pet.) (listing corrections); *Dabney v. State*, No. 12-22-00200-CR, 2022 WL 16842933, at \*2 (Tex. App.—Tyler Nov. 9, 2022, no pet.) (mem. op., not designated for publication) (modifying judgment to delete "true" and enter correct pleas of true and not true); *Aaron v. State*, No. 13-20-00295-CR, 2021 WL 1134310, at \*2 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, no pet.) (mem. op., not designated for publication) (same). Accordingly, we modify the trial court's judgment to reflect that Riding pleaded "True to Paragraphs 3, 4, and 9," and "Not True to Paragraphs 1, 2, 5, 6, 7, 8, and 10." We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 10, 2023