

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00161-CR
No. 02-23-00162-CR

———————————————

RODOLFO LEYVA JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1667447, 1667970

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In February 2021, Appellant Rodolfo Leyva Jr. pleaded guilty to the second-degree felony of aggravated assault with a deadly weapon (the aggravated-assault case) and the state-jail felony of publishing or threatening to publish intimate visual material (the revenge-porn[1] case) in exchange for 5 years' deferred-adjudication community supervision and fines.[2] *See* Tex. Penal Code Ann. §§ 21.16(b), (c), (g), 22.02(a)(2), (b). The trial court followed the bargain, deferred finding Leyva guilty, and imposed conditions of community supervision.[3]

In May 2023, the State sought to proceed to adjudication, alleging in its fourth amended petition (live petition) in both cases that Leyva had violated several

---

[1]Texas Penal Code Section 21.16 is "commonly known as the 'revenge porn' statute." *Ex parte McGregor*, No. 01-18-00346-CR, 2021 WL 6067349, at *1 (Tex. App.—Houston [1st Dist.] Dec. 23, 2021, no pet.) (mem. op., not designated for publication).

[2]The trial court ordered Leyva to pay a $300 fine in the aggravated-assault case and a $200 fine in the revenge-porn case.

[3]The original conditions included that Leyva was to have no contact with the complainants, commit no new offenses, submit urine samples for drug testing when and as directed by his supervision officer, and attend and complete recommended treatment and programs. In the aggravated-assault case, the trial court later added conditions including successful completion of an anger-management program and of the SWIFT (Supervision with Immediate Enforcement) Court program. In the revenge-porn case, the trial court later added conditions including successful completion of intensive outpatient treatment.

community-supervision conditions.[4]  Leyva pleaded true to the allegations in both cases that he had failed to provide urine samples.  In the aggravated-assault case, he also pleaded true to the allegation that he was unsuccessfully discharged from SWIFT Court.  He pleaded not true to all remaining live allegations.

After a unitary hearing, the trial court found all the live allegations true, revoked Leyva's deferred-adjudication community supervision, convicted him of both offenses, and sentenced him to 2 years' confinement in the revenge-porn case and to 15 years' confinement in the aggravated-assault case with the sentences to be served concurrently.  The trial court awarded Leyva credit for time served; gave him credit for all court costs; and ordered, "They will not take money out of your account while you're at the unit."

Leyva's appointed appellate counsel has filed a motion to withdraw and a brief complying with *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), representing that these appeals are "frivolous and wholly without merit" because the

---

[4]In both cases, the State alleged that Leyva had violated his community-supervision conditions by committing five new offenses (Paragraphs 1–5) and by failing to provide urine samples on nine different dates ranging from May 13, 2021, through May 27, 2022 (Paragraph 8 in the aggravated-assault case and Paragraph 7 in the revenge-porn case).  In the aggravated-assault case, the State also alleged that Leyva had violated his community-supervision conditions by being unsuccessfully discharged from the anger-management program (Paragraph 6) and from SWIFT Court (Paragraph 7).  In the revenge-porn case, the State added that Leyva had violated his community-supervision conditions by failing to successfully complete and being discharged from the intensive outpatient program (Paragraph 6) and by failing to provide a urine sample on a tenth date:  November 5, 2021 (Paragraph 8).  In both cases, the State waived Paragraphs 3 and 4 alleging the commission of new offenses.

records reveal "no reversible errors." In accord with *Kelly v. State*, counsel provided Leyva with copies of the brief and motion to withdraw and informed him of his right to file a pro se response, to review the records, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Leyva filed a pro se response to the *Anders* brief, but his response does not show any arguable grounds for appeal. The State filed a letter agreeing with appointed appellate counsel's assessment that no meritorious grounds for appeal exist and declined to file a substantive brief.

After an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Except for minor corrections to the judgments discussed below, we agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the record of either case that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

4

The trial court's judgments state that Leyva pleaded "not true," but the records reflect that although he pleaded "not true" to Paragraphs 1, 2, 5, and 6, he pleaded "true" to Paragraphs 7 and 8 in each case. We modify the judgments to reflect these pleas. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.); *Rios v. State*, No. 02-23-00031-CR, 2023 WL 8268042, at *1 (Tex. App.—Fort Worth Nov. 30, 2023, no pet.) (mem. op., not designated for publication).

We grant counsel's motion to withdraw in each case and affirm the trial court's judgments as modified.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 27, 2024