

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

—————————————————

No. 02-24-00152-CR

—————————————————

TIMOTHY MATTHEW ROJAS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. DC78-CR2021-0454

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

The trial court adjudicated Timothy Matthew Rojas guilty of state-jail-felony criminal mischief, assessed his punishment at eighteen months' confinement, and sentenced him accordingly. *See* Tex. Penal Code Ann. § 28.03(a), (b)(4)(A). Rojas appealed.

Rojas's court-appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief in which he avers that, in his professional opinion, this appeal is frivolous. Counsel's brief professionally evaluates the appellate record and demonstrates why no arguable grounds for relief exist; the brief and withdrawal motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). *See Stafford v. State*, 813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991). Counsel also complied with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (requiring appointed counsel to notify the client that the withdrawal motion and brief have been filed; to provide the client a copy of each; and to take steps to assist the client in understanding his pro se rights, effectuating those rights, and securing access to the record).

Rojas did not seek access to the appellate record and did not file a pro se response. Likewise, the State did not file a response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills *Anders*'s requirements, we must independently examine the record for any arguable ground that may be raised on the

appellant's behalf. *See Stafford*, 813 S.W.2d at 511. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the appellate record. We agree with counsel that, but for one minor error in the judgment, the appeal is wholly frivolous and without merit; we find nothing in the appellate record that otherwise arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The judgment incorrectly states that Rojas pleaded true to the allegations in the State's motion to adjudicate. But Rojas pleaded not true to the State's live allegations. Therefore, we correct the judgment to reflect that Rojas pleaded "not true" to the allegations in the State's motion to adjudicate. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 27, 2024