

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00291-CR

_____

JADEN JAMES ALLEN MOON, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14615

_____

Before Birdwell, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

In May 2023, as part of a plea bargain, Appellant Jaden James Allen Moon pleaded guilty to the offense of indecency with a child by sexual contact, and the trial court deferred his adjudication, placed him on community supervision for ten years, and granted the State's motion to dismiss additional charges against him. *See* Tex. Penal Code Ann. § 21.11. In October 2023, the State filed its motion to proceed to adjudication and alleged that Moon had violated nine conditions of his community supervision. The trial court held a hearing at which Moon pleaded true to each allegation. The trial court found the allegations in the State's motion to be true, found Moon guilty, and sentenced him to imprisonment for sixteen years in the institutional division of the Texas Department of Criminal Justice. *See* Tex. Penal Code Ann. § 12.33 ("Second Degree Felony Punishment"). Moon appealed.

Moon's court-appointed appellate attorney, after determining that the appeal was frivolous, filed a motion to withdraw as counsel and, in support of that motion, a brief. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Appellate counsel's motion and brief meet the *Anders* requirements by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.* at 744, 87 S. Ct. at 1400. Additionally, complying with *Kelly v. State*, counsel provided Moon with copies of the brief and motion to withdraw; she informed him of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court declare his appeal frivolous; and she sent him a form motion

for pro se access to the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Moon had the opportunity to file a pro se response to the *Anders* brief but did not do so. The State declined to file a brief.

We have carefully reviewed counsel's brief and the record and have determined that this appeal is wholly frivolous and without merit. Nothing in the record arguably supports the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Although our review of the record revealed no reversible error, we discovered that a fine reflected in the trial court's bill of costs issued November 15, 2024, is improper. Thus, the bill of costs requires modification. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.); *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022 no pet.).

The bill of costs reflects that Moon owes a total of $2,680. The bill of costs lists a line item labeled "CRFINE Criminal Fine Fee," amounting to $1,500. This appears to be intended to reflect a criminal fine imposed by the trial court. However, the trial court did not impose a fine on Moon in pronouncing its judgment in open court, and the written Judgment Adjudicating Guilt lists the fine as "N/A," also indicating that no fine was imposed. The Order to Withdraw Funds reflects the total incurred amount of court costs, fees, fines, and restitution as $1,180. Subtracting the improper line item from the bill of costs yields the same amount owed as that in the order withdrawing funds—$1,180.

Because no fine was imposed upon adjudication of guilt, we strike from the trial court's bill of costs line item "CRFINE Criminal Fine Fee," to comport with the judgment and order of the trial court. *See Demopoulos v. State*, No. 02-23-00144-CR, 2024 WL 3712848, at *3 (Tex. App.—Fort Worth Aug. 8, 2024, no pet.).

Except for the improper item in the bill of costs discussed above, we agree with counsel that the appeal is wholly frivolous and without merit. Having modified the bill of costs to delete the improper line item "CRFINE Criminal Fine Fee," we grant counsel's motion to withdraw and affirm-as-modified the trial court's judgment. *See Bray*, 179 S.W.3d at 726.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 26, 2025