

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00420-CR
No. 02-24-00421-CR
No. 02-24-00422-CR

———————————————

EDUARDO RENE ARAMBULA, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court Nos. 1804899, 1805077, 1805593

Before Kerr, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Eduardo Rene Arambula appeals the sentences assessed by the trial court after he pleaded guilty—without an agreement on punishment[1]—to burglary of a building, engaging in organized criminal activity (EOCA), and evading arrest or detention with a vehicle. *See* Tex. Penal Code Ann. §§ 30.02(a)(1), (c)(1), 38.04(a), (b)(2)(A), 71.02(a)(1), (b). Upon reviewing a presentence investigation report and hearing punishment-related evidence, the trial court assessed sentences of two years' confinement for the burglary, seven years' confinement for the EOCA, and seven

---

[1]The trial court's certifications of Arambula's right to appeal in all three cause numbers indicate that each case "is not a plea-bargain case" and that Arambula "has the right of appeal as to punishment only." But in cause number 1805077 and in cause number 1805593, Arambula was charged in a two-count indictment, and the signed plea admonishments indicate that the State agreed to waive one of the charged counts in exchange for Arambula's agreement to plead guilty to the other charged count—without a punishment recommendation by the State. Therefore, the State and Arambula entered into a charge bargain that falls within the scope of Rule 25.2(a)(2). *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *Harper v. State*, 567 S.W.3d 450, 454–55 (Tex. App.—Fort Worth 2019, no pet.). Nevertheless, (1) because the trial judge told Arambula, "You have the right to appeal . . . these three cases to the appropriate appellate court within certain time limits," and (2) because the trial court indicated in the appeal certifications that Arambula could appeal "as to punishment only," we conclude that the trial judge impliedly gave Arambula permission to appeal punishment matters in trial court cause numbers 1805077 and 1805593. *See, e.g., Taylor v. State*, No. 02-21-00208-CR, 2023 WL 3370723, at *1 (Tex. App.—Fort Worth May 11, 2023, no pet.) (mem. op., not designated for publication). *But cf. Marsh v. State*, No. 02-21-00150-CR, 2023 WL 2178406, at *4–5 (Tex. App.—Fort Worth Feb. 23, 2023, no pet.) (mem. op., not designated for publication) (concluding from different facts that trial judge's handwritten notations on appeal certification did not indicate permission to appeal).

years' confinement for the evading arrest or detention with a vehicle.[2] *See id.* §§ 12.34(a), 12.35(a). The trial court then sentenced Arambula accordingly and ordered that the three sentences would run concurrently.

Arambula's appointed appellate counsel has filed a motion to withdraw and a brief in which she argues that the appeals are frivolous. Counsel's motion and brief meet the requirements of *Anders v. California* by presenting a professional evaluation of the appellate records demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Additionally, in compliance with *Kelly v. State*, counsel provided Arambula with copies of the brief and motion to withdraw, and she informed Arambula of his right to file a pro se response, to review the record, and to seek discretionary review pro se should this court deny relief. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Although given the opportunity, Arambula did not file a pro se response. The State declined to file a brief but, in a letter to this court, agreed with appointed counsel that the appeals are frivolous.

After an appellant's court-appointed counsel fulfills the requirements of *Anders* and files a motion to withdraw on the ground that the appeal is frivolous, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503,

---

[2]The trial court included a deadly-weapon finding in the evading judgment.

511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

After carefully reviewing the appellate records and counsel's brief, we agree with counsel that, but for a few minor corrections to two of the judgments and to the bill of costs in all three cause numbers, these appeals are wholly without merit; we have found nothing in the records that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The trial court's judgments in all three cause numbers assess costs and reimbursement fees.[3] But because the cases were tried together, costs and reimbursement fees should have been assessed in only one of the cause numbers. *See* Tex. Code Crim. Proc. Ann. art 102.073; *Johnson v. State*, No. 02-23-00090-CR, 2024 WL 1318238, at *3 (Tex. App.—Fort Worth Mar. 28, 2024, pet. ref'd) (mem. op., not designated for publication). When a trial court erroneously assesses court costs for multiple convictions that were tried in a single proceeding, we normally retain the court costs for the offense of the highest category and modify the judgment in the offense of the lower category to delete the duplicate court costs. *Johnson*, 2024 WL 1318238, at *3. For convictions in the same category of offense with

---

[3]The Code of Criminal Procedure includes a "reimbursement fee" in the definition of a "[c]ost" that a court may impose. Tex. Code Crim. Proc. Ann. art. 43.015(3). In cause number 1804899, the judgment assessed $290 in court costs and $65 in reimbursement fees. In cause number 1805077, the judgment assessed $290 in court costs and $130 in reimbursement fees. And in cause number 1805593, the judgment assessed $290 in court costs and $130 in reimbursement fees.

identical assessed costs, the court costs should be based on the lowest cause number. *Id.* Accordingly, we modify the judgment in trial court cause number 1804899, the state jail felony, to delete the costs and reimbursement fees. And we also modify the judgment in trial court cause number 1805593, the evading-with-a-vehicle third-degree felony, to delete the costs and reimbursement fees. We also modify the bills of costs in those cause numbers to show 0.00 due for "Total Reimbursement Fees."[4]

In addition to assessing costs and reimbursement fees in the judgment for cause number 1805077, the trial court made the following "special findings or orders": "COURT COSTS IN THE AMOUNT OF $290.00 AND REIMBURSEMENT FEES IN THE AMOUNT OF $130.00 TO BE CREDITED FOR TIME SERVED." *See* Tex. Code Crim. Proc. Ann. art. 43.09. A bill of costs was included in the clerk's record for this cause number that shows "Total Court Costs" as 0.00 but "Total Reimbursement Fees" as $130.00. We therefore correct the bill of costs in cause number 1805077 to show "Total Reimbursement Fees" of 0.00. *See Ochoa v. State*, No. 02-23-00225-CR, 2024 WL 1792771, at *2 (Tex. App.—Fort Worth Apr. 25, 2024, no pet.) (mem. op., not designated for publication); *Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.).

---

[4]Both bills of costs show 0.00 due for "Total Court Costs."

We modify the judgments in trial court cause number 1804899 and 1805593 to delete the costs and reimbursement fees assessed. We reform the bills of costs in all three trial court cause numbers—1804899, 1805077, and 1805593—to reflect "0.00" owed for "Total Reimbursement Fees." We affirm the remainder of the trial court's judgments in cause number 1804899 and 1805593 as modified, affirm the judgment in cause number 1805077, and grant counsel's motion to withdraw.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 21, 2025