

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00059-CR

———————————————————

KALEB NIX, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1781937

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

After investigators uncovered evidence of Kaleb Nix's possession of a prodigious amount of child pornography depicting Nix performing sexual acts on children as young as toddlers, Nix pleaded guilty to one count of continuous sexual abuse of a child under 14. *See* Tex. Penal Code Ann. § 21.02. The trial court assessed his punishment at life in prison and sentenced him accordingly. Nix timely appealed.

Nix's appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967), representing that he has reviewed the appellate record and "that there are no non-frivolous legal issues" to be raised on Nix's behalf. These filings meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.*; *see also In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008) (orig. proceeding).

Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), by providing a copy of the *Anders* brief and motion to withdraw to Nix and informing Nix by certified mail of the following: (1) his rights to obtain the appellate record and to file a pro se response; and (2) his right to file a petition for discretionary review in the Court of Criminal Appeals should this court affirm the trial court's judgment and the deadline by which to do so. Although he requested a copy of the appellate record—which the trial court provided—Nix has not filed a pro se response.

After an appellant's court-appointed counsel fulfills *Anders*'s requirements, this court must independently examine the record for any arguable ground that could be raised. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the appellate record and counsel's brief,[1] we agree that—but for a correction to the judgment[2]—the appeal is wholly without merit; we have found nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

The judgment error results from an inconsistency between the trial court's oral pronouncement of an authorized sentence and the written judgment's recitation of the sentence imposed. The trial court orally pronounced Nix's punishment as confinement for life. But the judgment lists Nix's punishment incorrectly as life without parole. *See e.g.*, *Smith v. State*, No. 14-24-00149-CR, 2026 WL 468007, at *5 (Tex. App.—Houston [14th Dist.] Feb. 19, 2026, pet. filed) (citing cases holding the same and also explaining that while parole is not available for this offense—practically speaking—because of applicable parole laws, the Penal Code does not authorize life

---

[1]The State agrees that Nix "has no meritorious grounds upon which to advance an appeal in this case."

[2]We caution appointed appellate counsel that review of the entire record for *Anders* purposes includes a rigorous review of the trial court's judgment to determine whether it contains any errors that require modification.

without parole as a sentence for this particular offense);[3] *Sosa v. State*, No. 05-19-00868-CR, 2021 WL 1084639, at *6–7 (Tex. App.—Dallas Mar. 22, 2021, pet. ref'd) (mem. op, not designated for publication) (same); *see also* Tex. Penal Code Ann. § 21.02(h) ("An offense under this section is a felony of the first degree, punishable by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 2 years."), § 12.31(a)(2) (describing life without parole as sentence option for capital offense), § 12.42(c)(4) (describing conditions required for life without parole sentence only for offense under Penal Code Section 22.021), § 71.02(b)(1) (describing when life without parole sentence is authorized for engaging in organized criminal activity conviction); Tex. Gov't Code Ann. § 508.145(a)(2) (providing that an inmate is not eligible for release on parole if serving a sentence for a Section 21.02 offense).

Even when affirming a judgment after the filing of an *Anders* brief, we may correct judgment errors to make the judgment comport with the trial court record. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc). Accordingly, we modify the trial court's judgment so that next to "Punishment and Place of Confinement" it reads "LIFE–TDCJ: Confinement."

We affirm the trial court's judgment as modified and grant counsel's motion to withdraw.

---

[3]In addition, because this sentence runs consecutively to a lengthy federal sentence, the practical effect is the same as life without parole.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 30, 2026